1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   GONZALO M. TORRES,              )   Civil No. 06cv1855 WQH(RBB)
                                     )
12              Petitioner,          )   **REPORT AND RECOMMENDATION RE:**
                                     )   **GRANTING RESPONDENT'S MOTION**
13   v.                              )   **TO DISMISS [DOC. NO. 9]**
                                     )
14   B. CURRY, Warden,               )
                                     )
15              Respondent.          )
     _____)

16

17        Petitioner Gonzalo M. Torres, a prisoner proceeding pro se and

18   in forma pauperis, filed a Petition for Writ of Habeas Corpus [doc.

19   no. 1] on September 13, 2006, pursuant to 28 U.S.C. § 2254.

20   Petitioner claims he is entitled to habeas relief because (1) he

21   received ineffective assistance of trial counsel; (2) he was

22   convicted on insufficient evidence; (3) the trial court abused its

23   discretion when it denied his motion to substitute counsel; and (4)

24   he received ineffective assistance of counsel on appeal.  (Pet. 5-

25   7.)

26        On January 12, 2007, Respondent filed a Motion to Dismiss

27   [doc. no. 9] with a Memorandum of Points and Authorities and a

28   Notice of Lodgment.  Respondent alleges that the Petition must be

dismissed because it is barred by the statute of limitations, and Petitioner's claims are procedurally defaulted. (Resp't's Mem. 3-9.) On March 5, 2007, the Court issued an Order to Show Cause for Torres's failure to file an opposition to the Motion [doc. no. 11]. Petitioner filed a Response to the Order to Show Cause [doc. no. 16] on May 21, 2007. Torres asserts that his Petition should not be dismissed because he is entitled to statutory and equitable tolling of the statute of limitations, and he can demonstrate cause and prejudice to excuse any procedural default. (Pet'r's Resp. 2-8.)

This Court has reviewed the Petition, Respondent's Motion and Memorandum in Support of the Motion, the lodgments, and Petitioner's Response to the Order to Show Cause. For the reasons expressed below, the Court recommends that Respondent's Motion to Dismiss be **GRANTED**.

## I.   FACTUAL BACKGROUND

On April 17, 1998, Gavin Redar and a group of friends were at a Jack in the Box restaurant in Carlsbad, California. (Lodgment No. 15, <u>People v. Torres</u>, No. D034689, Appellant's Opening Br. 3 (Cal. Ct. App. Jan. 23, 2001).) They were approached by Torres and another man outside the restaurant. (<u>Id.</u>) Petitioner and Redar got into a fight, during which Torres stabbed Redar five times: three times in the abdomen, once in the neck, and once in the face. (<u>Id.</u> at 3-4.) Petitioner then ran from the scene. (<u>Id.</u> at 4; Lodgment No. 1, <u>People v. Torres</u>, No. D034689, Order 1-2 (Cal. Ct. App. Jan. 23, 2001).)

Torres was tried and convicted of assault with a deadly weapon inflicting great bodily injury. (Lodgment No. 1, <u>People v. Torres</u>,

1  No. D034689, Order 1-2.)  The court found that Petitioner had one

2  prior prison term, two prior serious felony convictions, and two

3  prior strike convictions.  (Id. at 2.)  He was sentenced to a term

4  of twenty-five years to life, with an additional three-year term

5  for the great bodily injury enhancement, one year for the prison

6  prior, and ten years for the serious felony priors.  (Id.)

7  **II. PROCEDURAL BACKGROUND**

8      Torres appealed his conviction to the California Court of

9  Appeal, which affirmed the judgment on January 23, 2001.  (See

10  Lodgment No. 15, People v. Torres, No. D034689, Appellant's Opening

11  Br.; Lodgment No. 1, People v. Torres, No. D034689, Order 1.)

12  Petitioner asserts that he filed a petition for review in the

13  California Supreme Court, although the court's records show that no

14  petition for review was filed.  (See Pet. 3; Lodgment No. 2, Decl.

15  of Joseph Cornetta ¶¶ 2-3 (Jan. 8, 2007).)

16      Torres filed a petition for writ of habeas corpus in the San

17  Diego County Superior Court on July 24, 2002, claiming he received

18  ineffective assistance of trial counsel; there was insufficient

19  evidence to convict him; and the trial court erred in denying his

20  motion to substitute counsel.  (See Pet. 4; Resp't's Mem. 2 & n.2;

21  Lodgment No. 3, In re Torres, No. HCN 0663, Order to Show Cause 2

22  (Cal. Super. Ct. May 13, 2003).)  The court issued an order to show

23  cause, after which a return to the petition and a traverse were

24  filed.  (Lodgment No. 3, In re Torres, No. HCN 0663, Order to Show

25  Cause; Lodgment No. 4, In re Torres, No. HCN 0663, Return (Cal.

26  Super. Ct. May 13, 2003); Lodgment No. 5, In re Torres, No. HCN

27  0663, Traverse (Cal. Super. Ct. May 13, 2003).)  Petitioner's

28  petition was denied on May 13, 2003.  (Lodgment No. 6, In re

1   Torres, No. HCN 0663, Order Denying Pet. 6 (Cal. Super. Ct. May 13,

2   2003).)  Torres filed a request for reconsideration, which was

3   denied on September 24, 2003.  (Lodgment No. 7, In re Torres, No.

4   HCN 0663, Request for Reconsideration (Cal. Super. Ct. Sept. 24,

5   2003; Lodgment No. 8, In re Torres, No. HCN 0663, Order 4 (Cal.

6   Super. Ct. Sept. 24, 2003).)

7        Petitioner filed a habeas corpus petition in the California

8   Court of Appeal on September 28, 2004, raising the same three

9   claims that he presented to the superior court and also claiming

10  that he received ineffective assistance of counsel on appeal.

11  (Lodgment No. 9, In re Torres, No. D045135, Pet. for Habeas Corpus

12  1, 3-4 (Cal. Ct. App. Oct. 29, 2004).)  The petition was denied on

13  October 29, 2004.  (Lodgment No. 10, In re Torres, No. D045135,

14  Order 2 (Cal. Ct. App. Oct. 29, 2004).)

15       On January 18, 2005, Torres filed a habeas petition in the

16  California Supreme Court.  (Lodgment No. 11, In re Torres, No.

17  S130855, Pet. for Habeas Corpus (Cal. Dec. 21, 2005).)  Petitioner

18  filed a second petition in the California Supreme Court on February

19  14, 2005.  (Lodgment No. 12, In re Torres, No. S131448, Pet. for

20  Habeas Corpus (Cal. Dec. 21, 2005).)  Both petitions raised the

21  same claims that were raised in the appellate court.  (See Lodgment

22  No. 11, In re Torres, No. S130855, Pet. for Habeas Corpus 3-4;

23  Lodgment No. 12, In re Torres, No. S131448, Pet. for Habeas Corpus

24  3-4.)  The supreme court denied both petitions on December 21,

25  2005, with a citation to In re Robbins, 18 Cal. 4th 770, 780, 959

26  P.2d 311, 316, 77 Cal. Rptr. 2d 153, 158 (1998).  (Lodgment No. 13,

27  In re Torres, No. S131448, Order 1 (Cal. Dec. 21, 2005); Lodgment

28  No. 14, In re Torres, No. S130855, Order 1 (Cal. Dec. 21, 2005).)

1    Torres filed the pending Petition for Writ of Habeas Corpus
2    [doc. no. 1] in this Court on September 13, 2006.  Respondent was
3    granted an enlargement of time to respond to the Petition [doc.
4    nos. 7, 8], and a Motion to Dismiss [doc. no. 9] was filed on
5    January 12, 2007, with a Memorandum of Points and Authorities and a
6    Notice of Lodgment.  Respondent claims the Petition should be
7    dismissed because it is barred by the statute of limitations and
8    because Petitioner's claims are procedurally defaulted.  (Resp't's
9    Mem. 3-9.)  Torres was authorized to file an opposition to the
10   Motion by February 5, 2007.  (Order Granting Enlargement 1 [doc.
11   no. 8].)  The Court issued an Order to Show Cause [doc. no. 11] on
12   March 5, 2007, for Petitioner's failure to file an opposition.
13   Torres subsequently filed a Motion for Extension to Time to Respond
14   [doc. no. 12], which the Court granted [doc. no. 13].  Petitioner
15   filed a Response to the Order to Show Cause [doc. no. 16] on May
16   21, 2007.  The Court construes Torres's Response as an opposition
17   to the Motion to Dismiss.

18                    **III.   STANDARD OF REVIEW**

19       Because Torres filed his Petition after April 24, 1996, it is
20   subject to the Antiterrorism and Effective Death Penalty Act
21   (AEDPA) of 1996.  28 U.S.C.A. § 2244 (West 2006).  AEDPA sets forth
22   the scope of review for federal habeas corpus claims:

23           The Supreme Court, a Justice thereof, a circuit
             judge, or a district court shall entertain an application
24           for a writ of habeas corpus in behalf of a person in
             custody pursuant to the judgment of a State court only on
25           the ground that he is in custody in violation of the
             Constitution or laws or treaties of the United States.
26

27   28 U.S.C.A. § 2254(a) (West 2006); see also Hernandez v. Ylst, 930
28   F.2d 714, 719 (9th Cir. 1991).

                                   5

In 1996, Congress "worked substantial changes to the law of habeas corpus." <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir. 1997).  Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

To present a cognizable federal habeas corpus claim, a state prisoner must allege that his conviction was obtained "in violation of the Constitution or laws or treaties of the United States."  <u>See</u> 28 U.S.C.A. § 2254(a) (West 2006).  Petitioner must allege that the state court violated his federal constitutional rights.  <u>See Reed v. Farley</u>, 512 U.S. 339, 347 (1994); <u>Hernandez</u>, 930 F.2d at 719; <u>Jackson v. Ylst</u>, 921 F.2d 882, 885 (9th Cir. 1990).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law.  <u>Smith v. McCotter</u>, 786 F.2d 697, 700 (5th Cir. 1986); <u>see also Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state court's application of state law); <u>Jackson</u>, 921 F.2d at 885 (concluding that federal courts have no authority to review a state's application of its law).  Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude.

6

1   <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1400 (9th Cir. 1989)

2   (stating that federal courts are not concerned with errors of state

3   law unless they rise to the level of a constitutional violation).

4        The Supreme Court, in <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003),

5   stated that "AEDPA does not require a federal habeas court to adopt

6   any one methodology in deciding the only question that matters

7   under § 2254(d)(1) -- whether a state court decision is contrary

8   to, or involved an unreasonable application of, clearly established

9   Federal law."  <u>Id.</u> at 71 (citation omitted).  In other words, a

10  federal court is not required to review the state court decision <u>de</u>

11  <u>novo</u>.  <u>Id.</u>  Rather, a federal court can proceed directly to the

12  reasonableness analysis under § 2254(d)(1).  <u>Id.</u>

13       The "novelty" in § 2254(d)(1) is "the reference to 'Federal

14  law, <u>as determined by the Supreme Court of the United States</u>.'"

15  <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), <u>rev'd</u>

16  <u>on other grounds</u>, 521 U.S. 320 (1997) (emphasis added).  Section

17  2254(d)(1) "explicitly identifies only the Supreme Court as the

18  font of 'clearly established' rules."  <u>Id.</u>  "[A] state court

19  decision may not be overturned on habeas corpus review, for

20  example, because of a conflict with Ninth Circuit-based law."

21  <u>Moore</u>, 108 F.3d at 264.  "[A] writ may issue only when the state

22  court decision is 'contrary to, or involved an unreasonable

23  application of,' an authoritative decision of the Supreme Court."

24  <u>Id.</u>; <u>see</u> <u>also</u> <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir.

25  1996); <u>Childress v. Johnson</u>, 103 F.3d 1221, 1225 (5th Cir. 1997);

26  <u>Devin v. DeTella</u>, 101 F.3d 1206, 1208 (7th Cir. 1996).

27

28

# IV. DISCUSSION

Respondent argues the Petition should be dismissed as time-barred because it was filed over four and one-half years after the expiration of AEDPA's one-year statute of limitations, and Torres is not entitled to statutory or equitable tolling. (Resp't's Mem. 3.) Also, Respondent contends that the Court is precluded from reviewing the merits of Petitioner's claims because they are procedurally barred. (Id. at 7.)

A. **The Petition is Barred by the Statute of Limitations.**

Warden Curry asserts that Torres's Petition is time-barred under AEDPA's one-year period of limitations. (Resp't's Mem. 3-6.) The relevant part of the statute states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d) (West 2006).

8

1    Petitioner alleges that the running of the statute of

2  limitations should be calculated pursuant to 28 U.S.C. §

3  2244(d)(1)(B) -- the date a state-created impediment was removed.

4  (Pet'r's Resp. 3.)  Torres appears to allege that he had a conflict

5  of interest with his court-appointed attorney in state court, and

6  this conflict was a state-created impediment to the timely filing

7  of his Petition.  (Id.)  It is not clear whether Petitioner is

8  claiming it was his counsel on direct appeal, his counsel on habeas

9  review in the superior court, or both, whose conduct constitutes a

10  state-created impediment to filing a federal habeas petition, but

11  this argument is unavailing.  (See Pet'r's Resp. 2-3.)  Torres's

12  general allegations about his attorneys do not establish the "State

13  action in violation of the Constitution or laws of the United

14  States" that is necessary under § 2244(d)(1)(B).  See Lawrence v.

15  Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), aff'd, __ U.S. __,

16  127 S. Ct. 1079 (2007) (stating that incompetent state-provided

17  counsel "is not the type of State impediment envisioned in §

18  2244(d)(1)(B)").  Accordingly, the running of the statute of

19  limitations for Petitioner's federal Petition will be calculated

20  pursuant to § 2244(d)(1)(A).

21    The court of appeal affirmed Petitioner's conviction on

22  January 23, 2001.  (Lodgment No. 1, People v. Torres, No. D034689,

23  Order 1.)  Torres did not seek further direct review of his

24  conviction in the state supreme court.  (Lodgment No. 2, Decl. of

25  Joseph Cornetta ¶¶ 2-3.)  Thus, the superior court's judgment

26  became final on March 4, 2001, forty days after the court of

27  appeal's decision.  See Smith v. Duncan, 297 F.3d 809, 812-13 (9th

28  Cir. 2002); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999)

9

1  (stating that a state judgment becomes final when the time for

2  seeking further direct review ends); Cal. Ct. R. 8.264 (stating

3  that an opinion of the court of appeal is final thirty days after

4  filing); Cal. Ct. R. 8.500(e) (stating that the period for filing a

5  petition for review of a court of appeal opinion is ten days).  The

6  statute of limitations began to run the next day, March 5, 2001.

7  See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001)

8  (explaining the application of Federal Rule of Civil Procedure 6(a)

9  to the calculation of the limitations period under AEDPA).  Absent

10  statutory tolling under § 2244(d)(2) or equitable tolling, March 4,

11  2002, was the last day on which Petitioner could file a timely

12  federal habeas petition.  Id.

13          1.    Statutory Tolling

14      Under AEDPA, the statute of limitations is tolled during

15  periods when a petitioner has a properly filed application for

16  collateral review pending in state court.  Specifically, 28 U.S.C.

17  § 2244(d)(2) states:

18          The time during which a properly filed application
        for State post-conviction or other collateral review with
19      respect to the pertinent judgment or claim is pending
        shall not be counted toward any period of limitation
20      under this subsection.

21  28 U.S.C.A. § 2244(d)(2) (West 2006).

22      In addition, the interval between the disposition of one state

23  petition and the filing of another may be tolled under "interval

24  tolling."  Carey v. Saffold, 536 U.S. 214, 223 (2002).  "[T]he

25  AEDPA statute of limitations is tolled for 'all of the time during

26  which a state prisoner is attempting, through proper use of state

27  court procedures, to exhaust state court remedies with regard to a

28  particular post-conviction application.'"  Nino v. Galaza, 183 F.3d

                              10

1003, 1006 (9th Cir. 1999) (quoting <u>Barnett v. Lemaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999)); <u>see also Carey</u>, 536 U.S. at 219-22. An application for state collateral review is pending "as long as the ordinary state collateral review process is 'in continuance'-- <u>i.e.</u>, 'until the completion of' that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'"  <u>Carey</u>, 536 U.S. at 219-20.

A state habeas petition must be "properly filed" to toll the statute of limitations.  28 U.S.C. § 2244(d)(2).  "'Properly filed' means the petition's 'delivery and acceptance are in compliance with the applicable laws and rules governing filings' in that state."  <u>Bonner v. Carey</u>, 425 F.3d 1145, 1148 (9th Cir. 2005), <u>amended</u>, 439 F.3d 993 (9th Cir.), <u>cert. denied</u>, 127 S. Ct. 132 (2006) (quoting <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000)).  A petition that is dismissed by the state court as untimely is not "properly filed" under AEDPA, so it will not toll the statute of limitations.  <u>Id.</u> at 1149; <u>see Evans v. Chavis</u>, 546 U.S. 189, 198 (2006).

AEDPA's statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is <u>not</u> tolled before the first state collateral challenge is filed.  <u>Nino</u>, 183 F.3d at 1006. Torres's conviction was final on March 4, 2001, but he did not file a habeas petition in the state superior court until July 24, 2002. (Pet. 4; Resp't's Mem. 2.)  The statute of limitations on his federal habeas petition, however, had already expired on March 4, 2002.  A subsequently filed petition for state collateral relief

11

cannot revive an expired statute of limitations.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).  Because the statute had already run by the time Torres sought state collateral review, statutory tolling will not save his Petition.

Even if Petitioner were entitled to tolling for the time preceding the filing of his first state habeas petition, his federal Petition is still untimely because he did not proceed diligently through the state courts.  Torres is only entitled to interval tolling for a "reasonable" period of time between a lower court's denial and the filing of a petition in a higher state court.  Evans, 546 U.S. at 200.  The statute of limitations was tolled from July 24, 2002, when Torres filed a habeas petition in the superior court, until September 24, 2003, when his request for reconsideration of the court's opinion was denied.  See Carey, 536 U.S. at 219-22 (holding that the statute is tolled while a properly filed state petition is pending).  But after the court denied his request for reconsideration, Petitioner waited twelve months before filing a petition in the California Court of Appeal on September 28, 2004.

Petitioner appears to argue that he acted reasonably and is entitled to interval tolling for this period, because the attorney that was appointed to represent him in the superior court habeas proceedings did not file the subsequent petition in the court of appeal in a timely manner.  (Pet'r's Resp. 4.)  This argument is without merit.  After issuing an order to show cause, the superior court appointed attorney Robert James to represent Petitioner in filing a denial to the government's return to his petition and in

any further proceedings in that case.  (See Lodgment No. 5, In re Torres, No. HCN 0663, Traverse Attach. 1-2 (Order Appointing Counsel); Lodgment No. 8, In re Torres, No. HCN 0663, Order Denying Request to Reconsider 2.)  The court did not provide Torres with an attorney to file subsequent habeas petitions.  Petitioner's appointed counsel was not responsible for filing a petition in the court of appeal.  Torres is left with an unexplained delay of twelve months before he filed his petition in the appellate court. This delay is unreasonable, and accordingly, the statute of limitations will not be tolled.  See Evans, 546 U.S. at 201 (finding an unexplained six-month delay to be unreasonable).

Additionally, Petitioner is not entitled to statutory tolling for the period after his court of appeal petition was denied on October 29, 2004, until he filed his federal Petition on September 13, 2006.  Although Torres filed two habeas petitions in the state supreme court that were pending between January 18, 2005, and December 21, 2005, this time is not tolled because the petitions were not properly filed.  Both of his petitions were denied by the California Supreme Court as untimely.  (See Lodgment No. 13, In re Torres, No. S131448, Order 1; Lodgment No. 14, In re Torres, No. S130855, Order 1); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (stating that a citation to page 780 of Robbins is a clear indication the state court applied the timeliness rule to bar review).  "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey, 536 U.S. at 226).  Because Torres's petitions to the state supreme court were untimely, they were never "properly

1   filed" and will not toll the federal statute of limitations.   Id.;

2   Thorson, 479 F.3d at 645.

3        The statute of limitations on Petitioner's federal habeas

4   petition expired before he sought state collateral review.

5   Additionally, Torres did not proceed diligently through the state

6   courts.   The unexplained delay of twelve months between the

7   superior court and appellate court levels of review is not tolled.

8   Also, the time Petitioner's supreme court petitions were pending is

9   not tolled; over twenty-one months elapsed between the denial of

10  his petition in the appellate court and his filing in this Court.

11  Unless he is entitled to equitable tolling, Torres's Petition will

12  be time-barred.

13            **2.   Equitable Tolling**

14        In some cases, a Petitioner may be able to toll the

15  limitations period by demonstrating a basis for equitable tolling.

16  To justify equitable tolling, Torres must establish extraordinary

17  circumstances beyond his control that made it impossible for him to

18  file his Petition on time.   Stillman v. LaMarque, 319 F.3d 1199,

19  1202 (9th Cir. 2003); Miles v. Prunty, 187 F.3d 1104, 1107 (9th

20  Cir. 1999).   The failure to file a timely petition must be the

21  result of external forces, not the result of the petitioner's lack

22  of diligence.   Miles, 187 F.3d at 1107.

23        Petitioner has the burden of establishing the existence of

24  extraordinary circumstances that warrant equitable tolling.

25  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (citing

26  United States v. Marolf, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999)).

27  Equitable tolling is justified in few cases.   "[T]he threshold

28  necessary to trigger equitable tolling [under AEDPA] is very high,

1  lest the exceptions swallow the rule."  Id. at 1066 (quoting United

2  States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)).

3  "Determining whether equitable tolling is warranted is a 'fact-

4  specific inquiry.'"  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.

5  2003) (quoting Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.

6  2001)).

7       Torres contends that he is entitled to equitable tolling

8  because his appellate counsel abandoned him during the pendency of

9  his direct appeal.  (Pet'r's Resp. 2-4.)  Petitioner alleges that

10 Mr. Hendricks, an attorney with Appellate Defenders, Inc. who was

11 appointed to represent Torres on his direct appeal, did not file a

12 petition for review in the California Supreme Court after Torres's

13 appeal was denied by the California Court of Appeal.  (Id. at 2;

14 see Lodgment No. 9, In re Torres, No. D045135, Pet. for Habeas

15 Corpus 5.)  Hendricks did not contact Petitioner to inform him that

16 a petition for review would not be filed.  (Pet'r's Resp. 2.)

17 Hendricks also allegedly failed to provide Torres with copies of

18 trial transcripts.  (Id.; see also Pet'r's Resp. Ex. 1 at 1 (Letter

19 from Leslie Ann Rose to Gonzalo Torres (June 11, 2001).)

20 Petitioner tried to contact Hendricks but was unable to locate him.

21 (Pet'r's Resp. 2.)  Torres subsequently filed a complaint against

22 Hendricks with the State Bar of California in April 2001.  (Id.;

23 Pet'r's Resp. Ex. 2 at 1, Ex. 3 at 1.)

24      An attorney's mistake or ordinary negligence is not sufficient

25 to justify equitable tolling.  See Lawrence v. Florida, __ U.S. __,

26 127 S. Ct. 1079, 1085 (2007); Frye v. Hickman, 273 F.3d at 1146.

27 But "where an attorney's misconduct is sufficiently egregious, it

28 may constitute an 'extraordinary circumstance' warranting equitable

tolling of AEDPA's statute of limitations." Spitsyn v. Moore, 345 F.3d at 800 (citing Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir. 2003)).

Petitioner's appeal was denied by the appellate court on January 23, 2001. (Lodgment No. 1, People v. Torres, No. D034689, Order 1.) A petition for review of the court's decision had to be filed within ten days. Cal. Ct. R. 8.500(e). Torres's appointed attorney, Mr. Hendricks, did not file a petition for review on Petitioner's behalf and did not communicate this to Torres. (See Pet'r's Resp. 2.) Although this does provide an explanation for why Petitioner waited to seek further review of his conviction, it does not explain the extent of Torres's delay.

Torres knew of Hendricks's disappearance in April 2001 when Petitioner filed a complaint against him with the state bar, and it was confirmed in June 2001 when he received a letter from a staff attorney at Appellate Defenders that stated Hendricks had "dropp[ed] out of touch with everyone . . . ." (See Pet'r's Resp. Ex. 1 at 1, Ex. 2 at 1.) Yet Torres waited until July 24, 2002, over a full year later, to file his habeas corpus petition in the state superior court. Petitioner does not provide any explanation that would justify the length of this delay. See United States v. Saro, 252 F.3d 449, 454 (D.C. Cir. 2001) (finding the petitioner was not entitled to equitable tolling for the time after he learned of his attorney's malfeasance). Torres has not met his burden of establishing the existence of extraordinary circumstances.

Petitioner's only other justification for the delay is that he "had no understanding of the law or procedure . . . ." (Pet'r's Resp. 2.) This is not an extraordinary circumstance beyond his

16

1  control that would warrant equitable tolling.  Raspberry v. Garcia,

2  448 F.3d 1150, 1154 (9th Cir. 2006).  "[I]t is well established

3  that 'ignorance of the law, even for an incarcerated pro se

4  petitioner, generally does not excuse prompt filing.'"  Marsh v.

5  Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting Fisher v.

6  Johnson, 174 F.3d 710, 714 (5th Cir. 1999)).  Torres does not

7  provide any facts showing he was denied access to legal materials

8  or could not otherwise learn AEDPA's requirements.  Cf. Mendoza v.

9  Carey, 449 F.3d 1065, 1071 (9th Cir. 2006) (holding that denial of

10  access to Spanish-language legal materials and inability to obtain

11  a translator could justify equitable tolling); Whalem/Hunt v.

12  Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (holding that

13  unavailability of AEDPA in prison law library could constitute

14  grounds for equitable tolling).  Petitioner is not entitled to

15  equitable tolling, and accordingly, his Petition is time-barred

16  under AEDPA's statute of limitations.  The district court should

17  **GRANT** Respondent's Motion to Dismiss because the Petition was filed

18  after the statute of limitations expired.

19       **B.   Torres's Claims Are Not Procedurally Barred.**

20       Respondent also argues that Torres's Petition should be

21  dismissed with prejudice because Petitioner procedurally defaulted

22  all of his claims by failing to timely present them to the

23  California Supreme Court.  (Resp't's Mem. 7.)  Torres contends that

24  the Court should not dismiss his claims as procedurally defaulted

25  because California's timeliness rule is not adequate, and

26  Petitioner can establish cause and prejudice for any default due to

27  the ineffective assistance of his appellate counsel.  (Pet'r's

28  Resp. 5-8.)

Under the procedural default doctrine, a federal court "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" <u>Calderon v. U.S. Dist. Court (Bean)</u>, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991)); <u>see</u> <u>also</u> <u>Hill v. Roe</u>, 321 F.3d 787, 789 (9th Cir. 2003); <u>LaCrosse v. Kernan</u>, 244 F.3d 702, 704 (9th Cir. 2001); <u>Park v. California</u>, 202 F.3d 1146, 1151 (9th Cir. 2000). Federal habeas review of that claim is precluded unless the petitioner "can demonstrate cause for the default and prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750; <u>see</u> <u>also</u> <u>High v. Ignacio</u>, 408 F.3d 585, 590 (9th Cir. 2005) (citing <u>Coleman</u>, 501 U.S. at 750); <u>Franklin v. Johnson</u>, 290 F.3d 1223, 1230-31 (9th Cir. 1992).

The respondent has the burden of pleading an adequate and independent procedural bar as an affirmative defense. <u>Bennett v. Mueller</u>, 322 F.3d 573, 585 (9th Cir. 2003). The burden of proof then shifts to the petitioner to place that defense in issue, for example, by asserting factual allegations demonstrating the inadequacy of the state procedure, including citations to case authority that show an inconsistent application of the state rule. <u>Id.</u> at 586. If the factual allegations are made, the burden shifts back to the respondent to demonstrate the bar is applicable. <u>Id.</u>

The California Supreme Court denied both of Torres's habeas corpus petitions with a citation to <u>In re Robbins</u>, 18 Cal. 4th 770, 780, 959 P.2d 311, 317-18, 77 Cal. Rptr. 2d 153, 159-60 (1998).

(Lodgment No. 13, <u>In re Torres</u>, No. S131448, Order 1; Lodgment No. 14, <u>In re Torres</u>, No. S130855, Order 1). A citation to <u>Robbins</u> indicates that the petition was denied as untimely. <u>Thorson</u>, 479 F.3d at 645 (discussing the <u>Robbins</u> timeliness rule). California's untimeliness rule bars habeas petitions that were filed after "substantial delay" without significant justification. <u>King v. Lamarque</u>, 464 F.3d 963, 966 (9th Cir. 2006).

### 1. Independence of the Rule

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." <u>LaCrosse</u>, 244 F.3d at 704 (citing <u>Michigan v. Long</u>, 463 U.S. 1032, 1040-41 (1989)); <u>see also</u> <u>Park</u>, 202 F.3d at 1152. "'A state law ground is so interwoven if the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" <u>Bennett</u>, 322 F.3d at 581 (quoting <u>Park</u>, 202 F.3d at 1152); <u>see also</u> <u>Ake v. Oklahoma</u>, 470 U.S. 68, 75 (1985).

The Ninth Circuit has held that the timeliness bar of <u>Robbins</u> is not interwoven with federal law, and thus it is an independent state procedural ground. <u>Bennett</u>, 322 F.3d at 581. Petitioner argues, however, that the <u>Robbins</u> rule is not adequate to bar federal review. (Pet'r's Resp. 5.)

### 2. Adequacy of the Rule

A state procedural rule is "adequate" when the rule is "firmly established and regularly followed" at the time of the purported default. <u>Anderson v. Calderon</u>, 232 F.3d 1053, 1077 (9th Cir. 2000) (citations and quotations omitted) <u>overruled on other grounds by</u> <u>Bittaker v. Woodford</u>, 331 F.3d 715, 728 (9th Cir. 2003); <u>see also</u>

1  <u>Bennett</u>, 322 F.3d at 583 (citing <u>Poland v. Stewart</u>, 169 F.3d 573,

2  577 (9th Cir. 1999)).  The state procedural rule must also be clear

3  and consistently applied at the time of petitioner's default.

4  <u>Wells v. Maass</u>, 28 F.3d 1005, 1010 (9th Cir. 1994) (citations

5  omitted).  To determine whether a procedural rule has been

6  consistently applied, the Court must look at <u>both</u> published an

7  unpublished state cases decided at the time of the purported

8  default showing actual application of the rule.  <u>Powell v. Lambert</u>,

9  357 F.3d 871, 879 (9th Cir. 2004).

10  Respondent has met his initial burden under <u>Bennett</u> by

11  pleading procedural default as an affirmative defense.  (<u>See</u>

12  Resp't's Mem. 7); <u>Bennett</u>, 322 F.3d at 586.  The burden then shifts

13  to Petitioner to place the defense in issue.  <u>Id.</u>  Here, Torres has

14  alleged that the <u>Robbins</u> bar is not adequate to foreclose federal

15  habeas review because under California law there are no standards

16  for determining what constitutes "substantial delay" in noncapital

17  cases, and California's timeliness rule is uncertain and

18  inconsistently applied.  (Pet'r's Resp. 5.)

19  Ordinarily, a habeas petitioner fulfills his burden under

20  <u>Bennett</u> by asserting "specific factual allegations that demonstrate

21  the inadequacy of the state procedure" including case citations

22  demonstrating inconsistent application of the rule.  <u>Bennett</u>, 322

23  F.3d at 586.  Petitioner has not provided the Court with specific

24  facts or case citations demonstrating inconsistent application of

25  the timeliness rule at the time of his alleged default.  (<u>See</u>

26  Pet'r's Resp. 5-8.)  But "[o]nce [the Ninth Circuit] ha[s] found a

27  state procedural rule to be inadequate, petitioners may fulfill

28  their burden under <u>Bennett</u> by simply challenging the adequacy of

the procedure; the burden then shifts back to the government to demonstrate that the law has subsequently become adequate." King v. Lamarque, 464 F.3d 963, 967 (9th Cir. 2006); see Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998).

In King v. Lamarque, 464 F.3d at 967-68, the Ninth Circuit found that because the court had previously found California's timeliness rule to be inadequate in Morales v. Calderon, 85 F.3d 1387 (9th Cir. 1996), it was the government's burden to prove the "substantial delay" standard had subsequently become sufficiently clear and consistently applied. See Morales, 85 F.3d at 1391 (finding that before 1993, California's "substantial delay" rule was uncertain, but declining to decide whether it had subsequently become adequate). The same is true here. The Ninth Circuit previously found that California's timeliness rule was ambiguous and inconsistently applied, and thus not adequate to bar federal review. It has not yet issued an opinion on whether the rule has since become adequate to bar federal review. Because Petitioner challenged the adequacy of this rule, it is Respondent's burden to demonstrate that the rule has become clear and consistently applied.

Respondent claims that the timeliness bar has been regularly and consistently applied by the California Supreme Court since 1993. (Resp't's Mem. 8.) "Not a single published decision undercuts the rule's adequacy, and the California Supreme Court has expressly stated that it is enforced." (Id.) Respondent cites In re Sanders, 21 Cal. 4th 697, 703, 981 F.2d 1038, 87 Cal. Rptr. 2d 899 (1999), in which the California Supreme Court stated that it

1  "enforce[s] time limits on the filing of petitions for writs of

2  habeas corpus in noncapital cases." (Resp't's Mem. 8.)

3      "Because the California Supreme Court set out to create a rule

4  that would be consistently applied, however, it does not follow

5  that the rule in historical fact has been so applied." Bennett,

6  322 F.3d at 583.  The state supreme court's declaration that it

7  applies the timeliness rule consistently does not demonstrate that

8  the rule is applied consistently in practice.  Demonstrating the

9  consistent application of the rule is Respondent's burden under

10  Bennett and King.  King, 464 F.3d at 968; Bennett, 322 F.3d at 586.

11  A conclusory statement in Respondent's memorandum is insufficient

12  to satisfy that burden.  The Respondent's failure to discuss

13  unpublished decisions also undermines his argument.  See Powell v.

14  Lambert, 357 F.3d at 879.

15      "[B]ecause it is the State who seeks dismissal based on the

16  procedural bar, it is the State who must bear the burden of

17  demonstrating that the bar is applicable -- in this case that the

18  state procedural rule has been regularly and consistently applied

19  in habeas actions." Bennett, 322 F.3d at 586.  Respondent has not

20  met its burden of proving that California's timeliness rule was

21  regularly and consistently applied at the time of Torres's

22  purported default.  The district court should not dismiss Torres's

23  petition as procedurally defaulted.

24          **3.   Cause and Prejudice**

25      Petitioner asserts that even if his claims are procedurally

26  barred, the Court should still review his Petition on the merits

27  because he can show cause and prejudice for the default. (Pet'r's

28  Resp. 7-8.)  Torres contends that the ineffective assistance of

1   both his trial counsel and his appellate counsel caused his

2   default.  (<u>Id.</u>)

3       For the Court to review the merits of defaulted claims,

4   Petitioner must demonstrate cause and prejudice:

5           In all cases in which a state prisoner has defaulted his
            federal claims in state court pursuant to an independent
6           and adequate state procedural rule, federal habeas review
            of the claims is barred unless the prisoner can
7           demonstrate cause for the default and actual prejudice as
            a result of the alleged violation of federal law, or
8           demonstrate that failure to consider the claims will
            result in a fundamental miscarriage of justice.

9

10  <u>Coleman</u>, 501 U.S. at 750; <u>see also</u> <u>Edwards v. Carpenter</u>, 529 U.S.

11  446, 451 (2000).

12      Torres first argues that any procedural default should be

13  excused because his appointed counsel on appeal, Mr. Hendricks,

14  "abandoned petitioner at one of the most crucial times possible."

15  (Pet'r's Resp. 7.)  Petitioner alleges it was his attorney's

16  failure to file a petition for discretionary review in the state

17  supreme court that caused his procedural default.  The actions of

18  Torres's appellate counsel, however, do not establish cause.  In

19  <u>Smith v. Idaho</u>, 392 F.3d 350, 356 (9th Cir. 2004), the court was

20  presented with the argument Petitioner makes here that appellate

21  counsel's ineffective assistance in failing to file a petition for

22  review should excuse a state procedural default.  The court

23  rejected the claim because the petitioner did not have a

24  constitutional right to counsel on discretionary review, so any

25  errors committed by counsel could not establish cause for a

26  default.

27          It is well-established that criminal defendants have no
            constitutional right to counsel beyond their first appeal
28          as of right, and hence no right to counsel in a
            discretionary appeal to the State's highest court.

Ineffective assistance of counsel can constitute cause to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred.  Any errors committed by Smith's counsel in seeking (or not seeking) discretionary review from the Idaho Supreme Court during the direct appeal thus cannot constitute cause under <u>Coleman</u>.

<u>Id.</u> at 356-57 (citations omitted).  This is true even where the state has appointed counsel to represent a petitioner on direct review.  <u>Id.</u> at 357 (citing <u>Poland v. Stewart</u>, 169 F.3d 573, 578 (9th Cir. 1999)); <u>Bonin v. Vasquez</u>, 999 F.2d 425, 430 (9th Cir. 1993).  Accordingly, Torres's claim is without merit and will not establish cause for a default.

Petitioner also alleges that the ineffective assistance of his <u>trial</u> <u>counsel</u> should excuse any default.  He claims his trial attorney had a conflict of interest that resulted in the denial of his rights to due process and to be free from double jeopardy. (Pet'r's Resp. 8.)  Torres does not explain, however, how his trial counsel's actions had any bearing on his procedural default in this case -- the untimeliness of his habeas petitions to the state supreme court.  (<u>See</u> <u>id.</u>)  Petitioner has not established cause for default and prejudice resulting from it.  As discussed above, however, Torres's claims should not be dismissed as procedurally defaulted because Respondent has failed to meet its burden of establishing applicability of the procedural bar.

### V. CONCLUSION

For the above reasons, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus should be **GRANTED** as barred by the statute of limitations.

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the

provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the district court and serve a copy on all parties on or before September 10, 2007.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before September 20, 2007. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

  **IT IS SO ORDERED.**


DATED:   August 22, 2007

RUBEN B. BROOKS
United States Magistrate Judge


cc:     Judge Hayes
        All parties of record